IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01510-WYD-BNB

AMERICAN CANINE FOUNDATION, and
FLORENCE VIANZON,

Plaintiffs,

v.

CITY OF AURORA,

Defendant.

_____

**ORDER**

_____

This matter is before me on the defendant's **Motion to Quash Subpoena Duces Tecum**
[Doc. # 108, filed 7/29/2008] (the "Motion to Quash").  I held a hearing on the motion this
morning and made rulings on the record, which are incorporated here.  The Motion to Quash is
GRANTED.

By minute order [Doc. # 114, filed 7/30/2008] I required a response to the Motion to
Quash and set it for a hearing to occur today at 10:00 a.m., Mountain Daylight Time.  The
plaintiffs filed their response as required.  Defense counsel appeared at the hearing as ordered,
but counsel for the plaintiff neither appeared nor contacted the court in any way.

The subpoena at issue commands the production of the following:

> City of Aurora Animal Care Division, Aurora, CO--Bite
> Investigation Report of incident involving minor child Gregg Jones
> Jr. on or about 11/2/2005, in 16600 blk of E. Asbury Ave near S.
> Naples Ct.  Court ordered production of all bite incident reports
> [2003-2005] previously.

Exh. A [Doc. # 108-2] to Motion to Quash.

This case questions the constitutionality of an Aurora municipal ordinance prohibiting the ownership of certain dog breeds in the city of Aurora after January 31, 2006. The ordinance was passed on October 24, 2005. The bite at issue in connection with the subpoena and Motion to Quash occurred after that date, on November 2, 2005. Consequently, the bite at issue in this Motion to Quash could not have had any part in the decision of the city council to pass the ordinance, and it is neither relevant to nor reasonably likely to lead to the discovery of admissible evidence concerning any matter at issue in this case.

The plaintiffs argue in their response and state on the face of the subpoena at issue that I previously compelled the production of records of dog bites, including this dog bite. That is not correct. The record shows instead that on April 6, 2007, the plaintiffs issued a subpoena commanding the production of documents, including dog bite reports, "used to develop the Aurora dog bite statistics from 2003, 2004, 2005, attached hereto as Exhibit 1," Motion for Protective Order and Motion to Quash Subpoena Duces Tecum [Doc. # 30, filed 4/12/2007] at Exh.1, and that the defendant voluntarily produced those documents. Motion to Withdraw Motion for Protective Order and Motion to Vacate May 17, 2007 Hearing [Doc. # 37, filed 4/30/2007] at ¶3. Exhibit 1 to that Motion to Quash includes dog bite statistics for all of 2003 and 2004, but the statistics for 2005 are limited to the period of time from January 1 through September 23, 2005. [Doc. # 30-2.] The bite at issue in the current Motion to Quash occurred on November 2, 2005, and does not fall within the dog bite reports used to develop Exhibit 1 to the first Motion to Quash. Consequently, the document now at issue was not previously requested, and the defendant did not previously agree to disclose the document.

Finally, the subpoena comes too late. I entered a scheduling order in this case in October

2

2006 [Doc. # 15, entered 10/16/2006]. The parties were free to take discovery thereafter.

Discovery closed nearly one year ago, on August 8, 2007, except for a brief extension solely to

allow the deposition of one remaining witness. See Minute Order [Doc. # 47, filed 6/22/2007]

(extending discovery cut-off through August 8, 2007) and Order [Doc. # 55, filed 8/28/2008] at

p.1 (extending discovery "solely to allow the plaintiffs to depose Molly Market"). The plaintiffs

never sought production of the document at issue here during the discovery period, although it

either was known to them or reasonably should have been known to them during that time. They

served the subpoena for production after the close of discovery and without seeking leave to

reopen discovery. I am convinced that allowing the late discovery of the document at issue here

would lead to a request for further discovery and would unreasonably delay the trial of the case.

In short, I find that no good cause exists to reopen discovery at this late date. As I held in

Colorado Visionary Academy v. Medtronic, Inc., 194 F.R.D. 684, 687 (D. Colo 2000):

> Rule 16(b) does not focus on the bad faith of the movant, or the
> prejudice to the opposing party. Rather, it focuses on the diligence
> of the party seeking leave to modify the scheduling order to permit
> the proposed amendment. Properly construed, "good faith" means
> that scheduling deadlines cannot be met despite a party's diligent
> efforts.

IT IS ORDERED that the Motion to Quash is GRANTED.

Dated August 7, 2008.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge