IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01510-WYD-BNB

AMERICAN CANINE FOUNDATION, and
FLORENCE VIANZON,

Plaintiffs,

v.

CITY OF AURORA,

Defendant.

_____

# ORDER
_____

This matter arises on the **American Canine Foundation (ACF) Motion to Proceed Pro Se** [Doc. # 138, filed 2/3/2009] (the "Motion"), which is DENIED.

By an Order [Doc. # 136] entered January 22, 2009, I granted the Motion for Withdrawal as Attorney of Record for Plaintiffs [Doc. # 131, filed 12/12/2008] (the "Motion to Withdraw") filed by Carolyn Chan, counsel for the plaintiffs. The bases for allowing Ms. Chan to withdraw included the fact that one of her clients, Florence Vianzon, had filed a Notice to Appear Pro Se [Doc. # 133] in which Ms. Vianzon reported that she had "dismissed attorney Carol Chan and asked her to file a motion and notice of withdrawal," id. at p.1, and the other client, the American Canine Foundation, had filed a Declaration of Cynthia Ann McCammon [Doc. # 135] in which Ms. McCammon stated that "ACF fired counsel Carolyn Chan from any future representation . . . for serious reasons that were witnessed and recorded at trial," including "a medical condition not disclosed or . . . serious incompetence. . . ." Id. at pp.1-2. The order allowing Ms. Chan to withdraw was entered following a hearing at which I explained to Ms.

Vianzon and a representative of the American Canine Foundation the requirements of D.C.COLO.LCivR 83.3D, including particularly the requirement that the plaintiffs are personally responsible for complying with all court orders and time limitations established by any applicable rule; that the American Canine Foundation cannot appear without counsel admitted to practice before this court; and that a failure by the American Canine Foundation to obtain the prompt appearance of substitute counsel could result in pleadings, motions, and other papers being stricken, and default judgment or other sanctions being imposed.

Notwithstanding the requirements of D.C.COLO.LCivR 83.3D and well settled law that an entity can appear in court only through a lawyer who is a member of the bar of this court, the American Canine Foundation requests leave to proceed pro se through Glen Bui, a member of its board of directors, who is not a member of the bar of this court and apparently not a lawyer. Local rule of practice 83.3D, D.C.COLO.LCivR, could not be more clear in its requirement:

> Where the withdrawing attorney's client is a corporation, partnership, or other legal entity, . . . such entity cannot appear without counsel admitted to practice before this court, and absent prompt appearance of substitute counsel, pleadings, motions, and other papers may be stricken, and default judgment or other sanctions may be imposed against the entity.

The local rule is supported by long standing, well established, and binding precedent, including Flora Const. Co. v. Fireman's Fund Ins. Co., 307 F.2d 413, 413-14 (10th Cir. 1962), where the circuit court stated that "[t]he rule is well established that a corporation can appear in a court of record only by an attorney at law." The American Canine Foundation's assertion that it cannot

afford to hire a lawyer (or chooses not to use its resources for the purpose of hiring a lawyer) is no basis to ignore the rule.

IT IS ORDERED that the Motion is DENIED.

Dated February 6, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge