IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01510-WYD-BNB

AMERICAN CANINE FOUNDATION, and
FLORENCE VIANZON,

Plaintiffs,

v.

CITY OF AURORA,

Defendant.
_____

**ORDER**
_____

This matter arises on **Defendant's Renewed Motion for Sanctions Pursuant to D.C.COLO.LCivR 83 and Request for a Show Cause Hearing** [Doc. # 144, filed 5/7/2009] (the "Motion for Sanctions"), which is DENIED.

On January 22, 2009, I allowed Carolyn Chan to withdraw as counsel for the American Canine Foundation (the "Foundation"). Order [Doc. # 136]. During the hearing on the motion to withdraw, I cautioned the Foundation as follows:

> Mr. Sasek, the American Canine Foundation cannot proceed pro se and must promptly obtain substitute counsel. This is the 21st of January. I'm going to require that counsel enter an appearance by January 30th, that's Friday of next week, and failure to cause that to happen will--could subject the American Canine Foundation to the sanctions which I've gone over with you and which are spelled out in Local Rule 83.3(d).

Transcript of Proceedings [Doc. # 140] at p. 8 lines 10-17.

Subsequently, on February 3, 2009, the Foundation submitted its Motion to Proceed Pro-Se [Doc. # 138] (the "Motion to Proceed Pro Se"). In that motion, the Foundation argued:

> While the statutes do not prohibit pro se litigation for corporations the rules do in most cases. However in this case the foundation has attempted to hire counsel and from past issues and the issues of our foundations budget for litigations in this case it is going to be to impossible to hire counsel. Ex A proves there is serious corruption involving breed bans and lawyers are not willing to represent parties opposing breed bans.

Motion to Proceed Pro Se [Doc. # 138] at p. 3.

I promptly denied the Motion to Proceed Pro Se, Order [Doc. # 142, entered 2/6/2009], stating:

> Notwithstanding the requirements of D.C.COLO.LCivR 83.3D and well settled law that an entity can appear in court only through a lawyer who is a member of the bar of this court, the American Canine Foundation requests leave to proceed pro se through Glen Bui, a member of its board of directors, who is not a member of the bar of this court and apparently not a lawyer. Local rule of practice 83.3D, D.C.COLO.LCivR, could not be more clear in its requirement:
>
> "Where the withdrawing attorney's client is a corporation, partnership, or other legal entity, . . . such entity cannot appear without counsel admitted to practice before this court, and absent prompt appearance of substitute counsel, pleadings, motions, and other papers may be stricken, and default judgment or other sanctions may be imposed against the entity."
>
> The local rule is supported by long standing, well established, and binding precedent, including Flora Const. Co. v. Fireman's Fund Ins. Co., 307 F.2d 413,413-14 (10th Cir. 1962), where the circuit court stated that "[t]he rule is well established that a corporation can appear in a court of record only by an attorney at law." The American Canine Foundation's assertion that it cannot afford to hire a lawyer (or chooses not to use its resources for the purpose of hiring a lawyer) is no basis to ignore the rule.

Id. at pp.2-3.

In the two days between the filing of the Motion to Proceed Pro Se and my order denying it, Aurora filed an unnecessary response. The Motion for Sanctions also was unnecessary.

I find that any injury to Aurora as a result of the Foundation's failure to obtain substitute counsel was self-inflicted.

The district judge has entered his written Findings of Fact and Conclusions of Law [Doc. # 146, filed 5/8/2009] and has directed the Clerk of the Court to enter judgment for the defendant and against the plaintiffs. The case is over, and the Foundation's failure to engage substitute counsel is harmless.

IT IS ORDERED that the Motion for Sanctions is DENIED.

Dated May 11, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge