IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  06-cv-01510-WYD-BNB

AMERICAN CANINE FOUNDATION; and
FLORENCE VIANZON,

    Plaintiffs,

v.

CITY OF AURORA, COLORADO,

    Defendant.

_____

**ORDER**
_____

I.    INTRODUCTION

    THIS MATTER is before the Court on several post-trial motions filed in this matter.  By way of background, I note that a trial to the Court in this case was held on November 17, 18 and 19, 2008, after which the parties submitted proposed Findings of Fact and Conclusions of Law.  I issued Findings of Fact and Conclusions of Law on May 8, 2009, ruling in favor of Defendant on all pending claims.  Judgment was entered in favor of Defendant and against Plaintiffs on May 12, 2009.

    The following post-trial motions are pending: (1) "Plaintiff Vianzon's Objections to and Motion to Strike in Part Defendants [sic] Findings of Fact and Conclusion [sic] of Law and Amend Judgment" (filed May 28, 2009); (2) "Plaintiff Vianzon's Motion and Memorandum for a New Trial" (filed May 21, 2009); (3) "Plaintiff Vianzon's Motion to Set Aside Bill of Costs" (filed June 30, 2009); and (4) a motion filed by Jonathon Lee Riches

d/b/a Irving H. Picard, a nonparty, entitled "Motion for Reconsideration, En Banc, Motion to Intervene as Plaintiff Under Rule 24(a)(2), 24(B)" (filed August 14, 2009).  For the reasons stated below, these motions are all denied.

II. ANALYSIS

    A. <u>Plaintiff Vianzon's Objections to and Motion to Strike in Part Defendant's Findings of Fact and Conclusions of Law and Amend Judgment and Plaintiff Vianzon's Motion for a New Trial</u>

I first address Plaintiff's Objections to and Motion to Strike in Part Defendant's Findings of Fact and Conclusions of Law and Amend Judgment [hereinafter "motion to strike"].  I first address the portion of the motion which objects to and moves to strike Defendant's Proposed Findings of Fact and Conclusions of Law.   Plaintiff argues that the Proposed Findings of Facts and Conclusions of Law submitted by Defendant include numerous facts that are unsupported by any evidence of record and conclusions of law that are unsupported by law.

I overrule the objections and deny the motion to strike Defendant's Proposed Findings of Fact and Conclusions of Law.  I reviewed both parties proposed Findings of Fact and Conclusions of Law but ultimately issued my own Findings of Fact and Conclusions of Law after review of the trial transcript in this case and the applicable law.  Thus, I did not simply adopt Defendant's proposed Findings of Fact and Conclusions of Law, but issued detailed Findings of Fact and Conclusions of Law that I find are supported by the evidence and law.  Plaintiff has not shown any error in connection with the Court's Findings of Fact and Conclusions, nor does she seek to strike them.  Accordingly, this portion of Plaintiff's motion to strike must be denied.

I now turn to the portion of the motion to strike that seeks to amend the judgment. This motion was filed within ten (10) days of entry of judgment. Accordingly, the motion is construed as filed under Fed. R. Civ. P. 59(e). *See Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995). Through this motion, Plaintiff is essentially asking me to reconsider my Findings of Fact and Conclusions of Law and the entry of judgment in favor of Defendant.

Plaintiff asserts that the judgment should be amended to find that Aurora's breed ban is unconstitutional based on the evidence submitted by Plaintiff. She argues that breed specific legislation is not supported by any rational or accurate facts and is only supported by the radical animal rights movement. She further contends that she had requested that counsel Carol Chan object to testimony from Defendant's witnesses because they were not named during discovery, but counsel ignored these requests, and that Ms. Chan was incompetent at trial.

Turning to my analysis, there are three major grounds that justify reconsideration under Rule 59(e): "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*; *see also Mantle Ranches, Inc. v. U.S. Park Serv.*, 950 F. Supp. 299, 300 (D. Colo. 1997) ("'a motion for reconsideration is not a license for a [party] to get a second bite at the apple and make legal arguments that could have been raised before'") (quotation and internal quotation mark omitted). Such a motion "is an extreme remedy to be granted in rare

circumstances." *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 944 (10th Cir. 2995).

Plaintiff's motion merely makes many of the same arguments previously argued and/or asserts arguments that could have been raised before. Plaintiff Vianzon does not cite any change in the law or new evidence that was previously unavailable. Further, I find that Plaintiff has not shown a need to correct clear error or prevent manifest injustice. While Plaintiff urges the Court to reread certain cases or makes certain arguments about the *Colorado Dog Fanciers* case cited in my Findings of Fact and Conclusions of Law, I find that she has not shown that the Court committed any legal error. Further, she has not shown any specific errors in my Findings of Fact. *See Matthews v. C.E.C. Industries Corp.*, No. 98-4184, 1999 WL 1244491, at *7 (10th Cir. Dec. 21, 1999) ("The Federal Rules of Civil Procedure expressly provide that '[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses) (quoting Fed. R. Civ. P. 52(a)). Accordingly, the portion of Plaintiff's motion to strike that seeks to amend the judgment is denied.

I now turn to Plaintiff's Motion for New Trial. Rule 59(a)(2) provides that "after a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2). "[T]he purpose of a Rule 59(a)(2) motion 'is to correct manifest errors of law or fact, or, in some limited situations, to present newly discovered evidence." *Lyons v. Jefferson Bank & Trust,* 793 F. Supp. 989, 991 (D. Colo.1992), *aff'd in part, rev'd in part on other*

-4-

*grounds*, 994 F.2d 716 (1993), *see also Waugh v. Williams Cos., Inc. Long Term Disability Plan,* No. 08-5123, 2009 WL 1090069, at *3 (10th Cir. April 23, 2009).

In this case, neither of Plaintiff's motions shows the need to correct manifest errors of law or fact. Further, Plaintiff is not seeking to present newly discovered evidence. Instead, Plaintiff argues that the judgment was not supported by the evidence. This is not accurate, as my Findings of Fact and Conclusions of Law detail the evidence that supports the judgment, including the evidence presented by Cheryl Conway. This evidence was sufficient to support the judgment in favor of Defendant, regardless of Plaintiff's objection that documentary evidence was not provided in support of the witnesses' evidence. *See FCC v. Beach Communications*, 508 U.S. 307, 315 (1993) ("a legislative choice is not subject to courtroom fact-finding and may be based on rational speculation unsupported by evidence or empirical data").

Plaintiff also complains about evidence that was not presented by her counsel and her counsel's incompetence. However, these are not proper grounds for a new trial or to amend the judgment. *Lyons*, 793 F. Supp. at 991 ("Blessed with the acuity of hindsight, [plaintiff] may now realize that it did not make its initial case as compelling as it might have, but it cannot charge the district court with responsibility for that failure . . . .") Finally, to the extent that Plaintiff argues there is a serious question as to the honesty of Defendant's witnesses, Plaintiff has not presented any competent evidence to support this allegation. Accordingly, I find that Plaintiff is not entitled to a new trial.

### B. Plaintiff Vianzon's Motion to Set Aside Bill of Costs

Plaintiff asks the Court to set aside the Bill of Costs based on two reasons: (1) she has a pending motion for new trial before the court; and (2) she may file an appeal depending on the outcome of the motion for new trial.  Further, she states that she does not agree with the Bill of Costs and wishes to address that issue after the outcome of her motion and possible appeal.  Plaintiff's motion is denied.

I find that Plaintiff has not stated any legitimate argument for setting aside the Bill of Costs.  Fed. R. Civ. P. 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court directs otherwise".  In this case, Defendant was the prevailing party and was entitled to costs, since I did not direct otherwise.  Plaintiff has not shown that any of the costs awarded are improper or not subject to award under 28 U.S.C. § 1920.  Indeed, while Plaintiff states that she "disagrees" with the costs, she has not made any substantive argument as to why the costs should not be awarded or cited any authority that supports her motion.

To the extent that Plaintiff relies on the pendency of her motion for new trial, that motion has been denied in this Order.  Further, I decline to defer a ruling on the merits of her motion pending any possible appeal by the Plaintiff.  Accordingly, Plaintiff Vianzon's Motion to Set Aside Bill of Costs is denied.

### C. "Motion for Reconsideration, En Banc, Motion to Intervene as Plaintiff Under Rule 24(a)(2), 24(B)"

This motion, filed by nonparty Jonathon Lee Riches d/b/a Irving H. Picard ["Riches"], asserts that he has an unconditional right to intervene as a plaintiff in this case pursuant to Fed. R. Civ. P. 24.  Further, the motion moves for reconsideration to allow Riches to

speak about this issue on the record. Riches' motion is denied. This case is terminated, as Judgment has been entered. Whether or not Riches may have had a right to intervene, the time to assert that right was when the case was still active. At this point, the entirety of the motion is moot, and Riches has no standing to seek reconsideration on any issue.

III. <u>CONCLUSION</u>

Based upon the foregoing, it is

ORDERED that Plaintiff Vianzon's Objections to and Motion to Strike in Part Defendants [sic] Findings of Fact and Conclusion [sic] of Law and Amend Judgment" (filed May 28, 2009) is **DENIED**. It is

FURTHER ORDERED that "Plaintiff Vianzon's Motion and Memorandum for a New Trial" (filed May 21, 2009) is **DENIED**. It is

FURTHER ORDERED that "Plaintiff Vianzon's Motion to Set Aside Bill of Costs" (filed June 30, 2009) is **DENIED**. Finally, it is

ORDERED that the filing by Jonathon Lee Riches d/b/a Irving H. Picard, a nonparty, entitled "Motion for Reconsideration, En Banc, Motion to Intervene as Plaintiff Under Rule 24(a)(2), 24(B)" (Doc. # ) is **DENIED**.

Dated: September 1, 2009

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
Chief United States District Judge